**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD FLEMING,** | : | |
| **Petitioner,** | : | **CIVIL NO. 1:21-cv-1389** |
| **v.** | : | **(Judge Mannion)** |
| **KATY HILEMAN,** | : | **(Magistrate Judge Carlson)** |
| **Respondent.** | : | |

**MEMORANDUM**

Pending before the court is the report of United States Magistrate Judge Martin C. Carlson which recommends that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254 be dismissed, without prejudice. (Doc. 12). The petitioner has filed objections to the report. (Doc. 14). Upon review of the record, the petitioner's objections will be overruled and the report and recommendation will be adopted in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on August 7, 2020, petitioner was sentenced to 12 months' probation after pleading guilty on institutional vandalism charges. Commonwealth v. Fleming, CP-01-CR-214-2020. During the probationary term, petitioner was charged with additional criminal charges, including DUI and institutional vandalism. Commonwealth v. Fleming, CP-01-CR-187-2021.

On January 19, 2021, the Adams County Probation Office moved to revoke petitioner's probation due to the additional criminal conduct, which allegedly occurred while petitioner was on probation. A final hearing was held on September 28, 2021 and the court found that petitioner violated his county probation. Petitioner was then sentenced on November 29, 2021. Petitioner appealed and is now awaiting an appellate court decision. Therefore, at present, petitioner's case is not resolved nor has petitioner exhausted his state remedies before proceeding to federal court.

While the state action is pending, petitioner filed this petition for a writ of habeas corpus in federal court. (Doc. 1). Petitioner filed a pleading styled as a motion for entry of default, which Judge Carlson construed as a traverse in support of the petitioner's petition. A petition must meet specific substantive statutory standards to be granted relief. 28 U.S.C. §2254(a) and (b). Petitioner has not met the statutory standards to be granted relief. One such procedural standard requires that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. §2254(b).

Judge Carlson first addressed the exhaustion argument presented by the petitioner and ultimately determined:

> …[W]hether cast as a petition under §2241 or §2254, it is evident that the petitioner has not met the exhaustion requirement

required by law. Moreover, [petitioner] has provided no justification or excuse for this wholesale failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law.

(Doc. 12 p. 12). Judge Carlson then addressed the petitioner's Double Jeopardy argument, which can briefly be addressed because the law is well settled on this point. The Third Circuit has explained, "[t]he revocation of a suspended sentence and probation followed by the imposition of a prison sentence does not subject a probationer to double jeopardy." U.S. ex rel. Sole v. Rundle, 435 F.2d 721, 723-24 (3d. Cir. 1971). The Fifth Amendment's Double Jeopardy clause does not prevent states from punishing individuals for probation violations.

The petitioner raises additional objections that were not previously presented before the court at any stage of the case. Petitioner now claims ineffective assistance of counsel and requests an evidentiary hearing. These arguments are not properly raised during an objection to the report and recommendation of Judge Carlson.

In light of all of the foregoing, the petitioner's objections to Judge Carlson's report and recommendation will be overruled and the report and recommendation will be adopted in its entirety as the opinion of the court. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 8, 2022**
21-1389-01

- 5 -